IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ALONZO DARNELL COBBIN[1],**

**Petitioner,**

v.                                    **CIVIL ACTION NO. 1:15CV1**

**L. ODDO, Warden,**

**Respondent.**

## REPORT AND RECOMMENDATION

This case is before the undersigned for consideration of *pro se* petitioner Alonzo Cobbin's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Respondent's "Memorandum in Support of the United States' Motion to Dismiss, or, in the Alternative, for Summary Judgment." (Docket Nos. 8, 16). Also before this Court is Petitioner's response and Respondent's reply. (Docket Nos. 20, 21).

### I. Procedural History

On January 5, 2015, Petitioner filed a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and a Motion for Leave to Proceed *in forma pauperis*. (Docket Nos. 1, 2). That same day, Petitioner was sent a Notice of Deficient Pleading requiring him to provide: (1) an application *in forma pauperis* or a fee of $5.00, (2) a Prisoner Trust Account Report, (3) a correct form per Local Rules of Prisoner Litigation Procedure 3.4, and (4) ledger sheets. (Docket No. 4). Petitioner filed a court-approved

---

[1] At the time of filing, Petitioner was detained in F.C.I. Hazelton located in Bruceton Mills, West Virginia. On April 13, 2015 Petitioner filed a Notice of Change of Address and/or Contact Information informing the Court of his new address, United States Penitentiary, Marion, Illinois. Nevertheless, this Court retains jurisdiction over this petition pursuant to Rumsfeld v. Padilla 542 U.S. 426, 434 (2006). (Docket No. 23).

Motion for Leave to Proceed *in forma pauperis* and Petition for Writ of Habeas Corpus on January 15, 2015. (Docket Nos. 7, 8). An Order by the undersigned on March 10, 2015 granted *in forma pauperis*. (Docket No. 9). On February 18, 2015, the undersigned ordered Respondent to show cause as to why the writ should not be granted. (Docket No. 11).

Respondent responded with a "Memorandum in Support of the United States' Motion to Dismiss, or, in the Alternative, for Summary Judgment" on March 10, 2015. (Docket Nos. 15, 16). A Roseboro Notice was issued on March 11, 2015 to the Petitioner by the undersigned pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), instructing Petitioner of his rights to file a response to Respondent's motion. (Docket No. 18). Petitioner responded to Respondent's Motion to Dismiss or Summary Judgment on March 25, 2015. (Docket No. 20). Respondent replied to Petitioner's Response on April 1, 2015. (Docket No. 21).

## II. Facts

On July 11, 2006, Petitioner was sentenced to a term of not less than eighteen (18) months and not more than eight (8) years imprisonment in Genesee County Circuit Court, Flint, Michigan for Possession of Cocaine (Less Than 25 Grams). (Docket No. 16 at 2; Docket No. 16-2 at 3). Petitioner was sentenced in the same court on September 25, 2007, to a term of not less than five (5) months and not more than twenty (20) years imprisonment for Possession With Intent to Deliver Cocaine (Less Than 50 Grams). Id. On May 29, 2008, Petitioner was released on parole for the July 2006 and September 2007 state cases by the Michigan Department of Corrections. (Docket No. 16 at 2; Docket No. 16-1 at 1).

Petitioner was arrested on local drug and firearm charges by officers of the Flint, Michigan Police Department on December 1, 2009. Id. On February 25, 2010, the state charges from

Petitioner's December 2009 arrest were dismissed, however, "he remained in state custody for the parole violations in relationship to Michigan state case numbers 06-018338-FH-A and 07-020172-FH-A for which he had been on active parole at the time of his arrest on December 1, 2009." (Docket No. 16 at 2). That same day, Petitioner was arrested on a federal warrant for Possession of Firearm in violation of 18 U.S.C. § 922(g)(1) and Possession with Intent to Deliver Cocaine Base in violation of 21 U.S.C. § 841. (Docket No. 16 at 3; Docket No. 16-3).[2] Petitioner was temporarily taken into federal custody by the United States Marshals Service on a federal writ of habeas corpus *ad prosequendum* ("WHCAP"). (Docket No. 16 at 3).

On August 13, 2010, the United States District Court for the Eastern District of Michigan sentenced Petitioner to one hundred-fifteen (115) months in prison. Id. The federal sentence was ordered to be served concurrently to Petitioner's Michigan parole violation sentences. Id. Petitioner was returned to state custody on September 1, 2010 to complete his Michigan state sentences but retained a federal detainer. Id. On December 6, 2010, the Bureau of Prisons ("BOP") granted Petitioner's request for a *nunc pro tunc* designation, and his federal sentence was calculated as beginning on August 13, 2010. Id.

### III. The Pleadings

Petitioner asserts he is entitled to pre-incarceration jail time credit pursuant to 18 U.S.C. § 3585(b). (Docket No. 8 at 5). Petitioner "ask[s] the Honorable Court to issue an Order directing

---

[2] Petitioner claims his federal arrest warrant had already been executed and thus prevented him from being released when his state charges were dismissed. (Docket No. 20 at 5; Docket No. 21 at 2). However, "the Michigan offenses on which Petitioner had been paroled on May 29, 2009 are not the same offenses which were dismissed on February 25, 2010 in lieu of federal prosecution." (Docket No. 21 at 2).

3

Respondent to credit petitioner's 10 months of pre-incar[cer]ation jail time credit."[3] (Docket No. 8 at 8) (alteration to original). Respondent asserts Petitioner is not entitled to any further credit against his federal sentence because his time spent on the federal WHCAP was applied toward his Michigan state sentence. (Docket No. 16-1 at 2).

## IV. Standard of Review

### A.     Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1999)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief."

---

[3]Petitioner generally refers to February 25, 2010 through August 13, 2010 as the period for which he is seeking credit, but also mentions December 1, 2009 through February 25, 2010. (Docket No. 8-1 at 5,7,8). That time frame equals eight (8) months, twelve (12) days. The undersigned can only assume that this is the ten (10) months that Petitioner speaks of. (Docket No. 8 at 8).

4

Conley, 355 U.S. at 45-46. In <u>Twombly</u>, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," <u>id</u>. (citations omitted), to one that is "plausible on its face," <u>id</u>. at 570, rather than merely "conceivable," <u>Id</u>. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." <u>Bass v. E.I.DuPont de Nemours & Co.</u>, 324 F.3d 761, 765 (4th Cir.2003) (citing <u>Dickson v. Microsoft Corp.</u>, 309 F.3d 193, 213 (4th Cir.2002); <u>Iodice v. United States</u>, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in <u>Ashcroft v. Iqbal</u>, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. <u>Id</u>.

**B.     Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See <u>Blackledge v. Allison</u>, 431 U.S. 63, 80 (1977); see also <u>Maynard v. Dixon</u>, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>United States v. Lee</u>, 943 F.2d 366, 368 (4th Cir. 1991).

5

Motions for summary judgment impose a difficult standard on the moving party, as it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-52 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

## V. Analysis

The United States Attorney General acts through the BOP to administer sentences imposed upon federal offenders. United States v. Wilson, 503 U.S. 329, 331-37 (1992). A term of imprisonment is calculated in accordance to 18 U.S.C. § 3585. Although 18 U.S.C. § 3585 does not explicitly mention the Attorney General, pursuant to Wilson, he or she has the responsibility to both: (1) determine when a prisoner's sentence commences and (2) give credit for time prior served. Wilson, 503 U.S. at 334-36; see also 18 U.S.C. § 3585. Consequently, it is the Attorney General who may give a petitioner credit for any prior time spent incarcerated.

### A.    Primary Jurisdiction

A WHCAP is a "mere loan of the prisoner to federal authorities and does not effectuate a change in custodian for purposes of the federal statute criminalizing escape from federal custody." United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008). A jail sentence does not begin to run when a prisoner is under the custody of a WHCAP. See Thomas v. Whalen, 962 F.2d 358, 360-61 (4th Cir.

1992); see also United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (finding that under writ, primary jurisdiction over the prisoner remained with the state until state authorities relinquished the prisoner to federal custody on satisfaction of the state obligation). Thus, the jurisdiction of a prisoner, state or federal, does not change when he or she is under a WHCAP.

In this case, Petitioner asserts that the record shows no evidence he was "borrowed" by the federal court via WHCAP "but instead was fully taken into the sole custody of federal authorities." (Docket No. 8 at 6). Petitioner claims he was held on a no bond status. Id. Petitioner's argument is refuted by the record. Under "Status History" in the Prisoner Tracking System, it is recorded that Petitioner was taken into custody by "WRIT FROM GEN CO JAIL" on February 25, 2010. (Docket No. 16-2 at 7). Consequently, pursuant to Evans, Petitioner remained under state jurisdiction when he was temporarily taken into federal custody by the United States Marshals Service on the WHCAP.

## B. Pre-Incarceration Credit

In accordance to 18 U.S.C. § 3585 (b), a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence*." (emphasis added). The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson 503 U.S. at 337; see also United States v. Goulden, 54 F.3d 774 (4th Cir. 1995) (holding that credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown, 977 F. 2d 574 (4th Cir. 1992) (holding that under 18 U.S.C. § 3585(b), a defendant may receive credit towards his federal sentence for time spent in official custody prior to the date his federal sentence commences unless it has already been credited towards another sentence); King v. DeBoo,

7

No. 2:11-CV-50, 2012 WL 1119763 at *3 (N.D. W. Va. 2012). Consequently, a prisoner cannot receive double credit for detention time.

Here, Petitioner asserts he is entitled to pre-incarceration jail time credit for the period from February 25, 2010 through, August 13, 2010. (Docket No. 8 at 5). However, Petitioner was in state custody for a parole violation regarding his Michigan state charges during that time period. Petitioner appeared before the Eastern District of Michigan pursuant to the WHCAP on August 13, 2010. (Docket No. 16 at 3). The federal court ordered Petitioner's federal sentence to be served concurrently with his parole violation sentences. (Docket No. 16 at 3). Although Petitioner was not actually in federal custody for purposes of this sentence until he was placed in the custody of the BOP on August 13, 2010, the BOP made a *nunc pro tunc* designation of the state facility for service of the federal sentence in order to carry out the wishes of the federal sentencing court's concurrent sentence. (Docket No. 16 at 3).

The time Petitioner is seeking has been credited towards another sentence. Petitioner received credit for time spent incarcerated from February 25, 2010, through August 13, 2010. This time was applied towards his Michigan state sentence. (Docket No. 16-1 at 2; Docket No. 16-2 at 25). The Department of Corrections Central Time Computation Unit reports:

> "While I see [Petitioner] was held under custody from 2/25/10 up until 9/1/10 when he actually returned to RGC (Egeler Reception Center - Jackson, MI) *he continued to serve on his Michigan sentence and all time served in the county jail continued to be applied toward his Michigan prison sentence*"

(Docket No. 16-2 at 25) (emphasis added). Furthermore, the Department of Corrections states "the fact that no dead time entry exists for 2/25/10-9/1/10, verifies he received credit toward his Michigan state sentence. Id. Therefore Petitioner cannot receive double credit for time served and is not

entitled to additional credit towards his federal sentence. See 18 U.S.C. § 3585(b).

Petitioner began his federal sentence on August 13, 2010. (Docket No. 16-1 at 2; Docket No. 16-2 at 17, 19). Petitioner's federal sentence ran concurrent to his Michigan state sentences. (Docket No. 16-2 at 11). On September 1, 2010, Petitioner was returned to state custody in order to complete his Michigan state sentence. (Docket No. 16-1 at 2; Docket No. 16-2 at 8). The BOP's *nunc pro tunc* designation of the Michigan jail as the jail in which Petitioner would start serving his federal sentence at the same time he was finishing his state sentence was done to give effect to the District Judge's concurrent sentence. Petitioner paroled from his state sentence on November 30, 2010 and was then taken into federal custody in order to complete his federal sentence. Id. Thus, the BOP has correctly calculated Petitioner's sentence as beginning August 13, 2010 and Petitioner is not entitled to any additional credit during the time he was subject to the WHCAP.

## VI. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that Respondent's "Motion to Dismiss or for Summary Judgment" (Docket No. 15) be **GRANTED**, and that Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 8) be **DENIED** and **DISMISSED WITH PREJUDICE.**

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and

Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

DATED: June  /  , 2015

/s/ John S. Kaull
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE