IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ALONZO COBBIN,**

      **Petitioner,**

**v.**                      **//   CIVIL ACTION NO. 1:15CV1**
                                    **(Judge Keeley)**

**L. ODO, Warden,**

      **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING MOTION TO DISMISS OR FOR SUMMARY JUDGMENT [DKT. NO. 15], AND <u>DENYING AND DISMISSING PETITION WITH PREJUDICE [DKT. NO. 1]</u>**

On January 5, 2015, the <u>pro se</u> petitioner, Alonzo Cobbin ("Cobbin"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition")(Dkt. No. 1).[1] On March 10, 2015, the respondent, L. Odo, Warden ("Odo"), filed a motion to dismiss or for summary judgment (Dkt. No. 15).

On June 1, 2015, the Honorable John S. Kaull, United States Magistrate Judge, filed a Report and Recommendation ("R&R"), in which he recommended that the Court grant Odo's motion to dismiss or motion for summary judgment and deny and dismiss Cobbin's petition with prejudice (Dkt. No. 26 at 9). On June 19, 2015, Cobbin filed a timely objection to the R&R (Dkt. No. 28). For the following reasons, the Court **ADOPTS** the R&R, **GRANTS** Odo's motion,

---

[1] Cobbin is currently incarcerated at the United States Penitentiary in Marion, Illinois; when he filed his petition, however, he was detained at Federal Correctional Institute Hazelton in Bruceton Mills, West Virginia (Dkt. No. 26 at 1).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING MOTION TO DISMISS OR FOR SUMMARY JUDGMENT [DKT. NO. 15], AND DENYING AND DISMISSING PETITION WITH PREJUDICE [DKT. NO. 1]**

and **DENIES** and **DISMISSES** the Petition **WITH PREJUDICE**.

## I.  BACKGROUND

### A.  Factual Background

On July 11, 2006, the Genesee County Circuit Court, in Flint, Michigan, sentenced Cobbin to not less than 18 months and not more than eight years of imprisonment for possession of cocaine (less than 25 grams) (Dkt. No. 26 at 2). On September 25, 2007, the same court sentenced him to not less than five months and not more than twenty years of imprisonment for possession with the intent to deliver cocaine. Id. On May 29, 2008, Cobbin was released on parole for both the July 2006 and September 2007 offenses. Id. Cobbin's original parole was set to expire on November 29, 2009 (Dkt No. 1-2).

One month prior to that, however, on October 29, 2009, Cobbin was arrested for possession of a firearm by a felon, fleeing and eluding, violating the Controlled Substances Act, and carrying a concealed weapon (the "October violation"). The arresting officer found marijuana, cocaine, an open beer, and a loaded .38 caliber weapon in Cobbin's car; Cobbin nevertheless was released the same day pending investigation (Dkt. Nos. 1-5 at 2, 22-1 at 4-5). On December 1, 2009, he was arrested and charged with "maintaining a

**COBBIN V. ODO** 1:15CV1

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING MOTION TO DISMISS OR FOR SUMMARY JUDGMENT [DKT. NO. 15], AND DENYING AND DISMISSING PETITION WITH PREJUDICE [DKT. NO. 1]**

drug vehicle, possession of marijuana, possession of cocaine, possession of a hand gun," and possession of a firearm by a felon (the "December arrest") (Dkt. No. 1-5 at 2). After the December arrest, the Michigan Department of Corrections discovered Cobbin's October arrest, and extended his parole until November 29, 2010 (Dkt. No. 34 at 2).

On February 25, 2010, the state charges stemming from Cobbin's December arrest were dismissed by the Flint, Michigan, Police Department in favor of federal prosecution (Dkt. No. 16 at 2-3). Cobbin remained in state custody for his parole violations stemming from the December arrest (Dkt. Nos. 16 at 2, 34 at 2).

On February 17, 2010, a federal grand jury indicted Cobbin for possession of a firearm and possession with intent to deliver cocaine (Dkt. No. 21 at 3). On March 2, 2010, the United States Magistrate Judge in the Eastern District of Michigan detained Cobbin for trial on his federal charges, and Michigan placed a parole hold on him one day later (Dkt. No. 21 at 2-3).[2] Cobbin, although temporarily in federal custody for trial and sentencing purposes, was still in the primary jurisdiction of the state (Dkt

---

[2] Cobbin was not held on a "no bond" status, as he originally alleged (Dkt. No. 10 at 6).

**COBBIN V. ODO**                                                              **1:15CV1**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING MOTION TO DISMISS OR FOR SUMMARY JUDGMENT [DKT. NO. 15], AND DENYING AND DISMISSING PETITION WITH PREJUDICE [DKT. NO. 1]**

No. 16 at 3).

On August 13, 2010, Cobbin was sentenced in federal court to 115 months of imprisonment, to run partially concurrent, beginning on August 13, 2010, with the sentence from his parole violation. Id. Although Cobbin was in federal custody awaiting sentencing from February 25, 2010, until August 13, 2010, that period of incarceration was credited to his state parole violation sentence, not his federal sentence (Dkt. No. 16 at 5). On September 1, 2010, Cobbin returned to state custody to complete his state sentence; on November 30, 2010, he was permanently transferred into federal custody to serve his federal sentence. Id. at 3. On December 6, 2010, the Bureau of Prisons granted Cobbin's request for a nunc pro tunc designation, making August 13, 2010, the official start date of his federal sentence. Id.

**B.   Procedural Background**

On January 5, 2015, Cobbin filed a petition seeking credit for time served on his federal sentence from February 25, 2010, until August 13, 2010 (Dkt. No. 1 at 7). Cobbin argued that he was not on parole at the time of his December arrest, and actually was in a federal holdover facility awaiting his federal sentencing between February 25, 2010, and August 13, 2010 (Dkt. No. 1 at 2-3).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING MOTION TO DISMISS OR FOR SUMMARY JUDGMENT [DKT. NO. 15], AND DENYING AND DISMISSING PETITION WITH PREJUDICE [DKT. NO. 1]**

On March 10, 2015, Odo filed a motion to dismiss or motion for summary judgment, contending that the time Cobbin served between February 25, 2010 and August 13, 2010 had been credited to his state parole violation sentence, and thus could not also be credited to his federal sentence (Dkt. No. 16 at 5-6). In response, Cobbin argued that, when the state charges were dismissed, he was actually taken into federal custody on a "no bond status," and therefore the time served should have been credited toward his federal sentence (Dkt. No. 20 at 5). Odo's reply makes clear that, although Cobbin was taken into federal custody on a writ of habeas corpus <u>ad</u> <u>prosequendum</u>, Michigan had a parole hold that required him to finish his state parole sentence before serving his federal sentence (Dkt. No. 21 at 3).

On June 1, 2015, Magistrate Judge Kaull issued his R&R, in which he recommended that the Court grant Odo's motion to dismiss or for summary judgment, and deny and dismiss Cobbin's petition with prejudice (Dkt. No. 26 at 9). On June 19, 2015, Cobbin objected to the R&R, arguing that (1) his parole had ended on November 29, 2009; (2) he was not on parole during his December arrest; and, (3) the period of incarceration from February 25, 2010, to August 13, 2010, should be credited toward his federal

**COBBIN V. ODO** 1:15CV1

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING MOTION TO DISMISS OR FOR SUMMARY JUDGMENT [DKT. NO. 15], AND DENYING AND DISMISSING PETITION WITH PREJUDICE [DKT. NO. 1]

sentence because the state charges stemming from the December arrest were dismissed (Dkt. No. 28 at 1).

## II. STANDARD OF REVIEW

When reviewing a magistrate judge's R&R made pursuant to 28 U.S.C. § 636, the Court must review de novo only the portion to which an objection is timely made. 28 U.S.C. § 636(b)(1)(c). As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F.Supp. 825, 828 (E.D. Cal. 1979). Because Cobbin filed objections to the R&R, the magistrate judge's recommendations will be reviewed de novo as to those portions of the report and recommendation to which objections were made (Dkt. No. 28 at 1).

## III. APPLICABLE LAW

As a preliminary matter, the Court must construe Odo's motion as either a motion to dismiss under Fed. R. Civ. P. 12(b)(6), or as a motion for summary judgment under Fed. R. Civ. P. 56 (Dkt. No. 15).[3] Rule 12(d) mandates that when "matters outside the pleadings

---

[3] The United States Court of Appeals for the Fourth Circuit has determined that a responsive pleading captioned as "Motion to Dismiss, or, in the alternative, Motion for Summary Judgment" puts parties on notice that the Court could construe the motion either way. Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253,

6

**COBBIN V. ODO                                                    1:15CV1**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING MOTION TO DISMISS OR FOR SUMMARY JUDGMENT [DKT. NO. 15], AND DENYING AND DISMISSING PETITION WITH PREJUDICE [DKT. NO. 1]**

are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Here, the Court and Magistrate Judge Kaull have considered material outside of the pleadings (Dkt. Nos. 15, 20, 21, 22, 26, 28, 34). The Court therefore **CONSTRUES** Odo's motion as one for summary judgment. Fed. R. Civ. P. 12(d).

Summary judgment is appropriate where the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials" establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a), (c)(1)(A). When ruling on a motion for summary judgment, the Court reviews all the evidence "in the light most favorable" to the nonmoving party. Providence Square Assocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000). The Court must avoid weighing the evidence or determining its truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2510 (1986).

---

260 (4th Cir. 1998).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING MOTION TO DISMISS OR FOR SUMMARY JUDGMENT [DKT. NO. 15], AND DENYING AND DISMISSING PETITION WITH PREJUDICE [DKT. NO. 1]**

The moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2556 (1986). Once the moving party has made the necessary showing, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256, 106 S. Ct. at 2510 (internal quotation marks and citation omitted). The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment; the evidence must be such that a rational trier of fact could reasonably find for the nonmoving party. Id. at 248–52.

### IV. ANALYSIS

Cobbin first objects to the conclusion in the R&R that he was on parole at the time of his December 2009 arrest. He argues that his parole actually ended on November 29, 2009 (Dkt. No. 28 at 1). Cobbin's original parole expiration date was November 29, 2009; as noted earlier, however, it was extended until November 29, 2010, as a consequence of his October 2009 violation (Dkt. No. 1-2 at 2; Dkt. No. 34 at 2).

Cobbin also contends that he did not violate his state parole

**COBBIN V. ODO**                                                                 **1:15CV1**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING MOTION TO DISMISS OR FOR SUMMARY JUDGMENT [DKT. NO. 15], AND DENYING AND DISMISSING PETITION WITH PREJUDICE [DKT. NO. 1]**

because it had expired before his arrest in December 2009 (Dkt. No. 28 at 1). The record establishes that Cobbin was on active parole until November 29, 2010, which mandated that he abide by the curfew, comply with alcohol and drug testing, not possess or consume alcohol, and not own or possess a firearm (Dkt. Nos. 16 at 4; 28-3 at 1-2). On September 10, 2010, Cobbin acknowledged that he had violated his parole on October 29 and December 1, 2009 (Dkt. No. 28-3 at 2).

According to Mich. Comp. Laws § 791.238 (West 2015), a prisoner who violates his parole must serve the remainder of the maximum sentence of his imprisonment. Because Cobbin was on parole at the time of his December arrest, he was imprisoned in state custody for the remaining time of his parole, or until November 29, 2010 (Dkt. No. 16 at 2). Only after he had served his entire state sentence was Cobbin released and transferred into federal custody to serve his federal sentence. Id. at 3.

Finally, Cobbin argues that the time served from February 25, 2010 to August 13, 2010 should be credited to his federal sentence because the federal offense was the only offense that had not been dismissed (Dkt. No. 28 at 1). After his state charges stemming from the December arrest were dismissed on February 25, 2010,

9

**COBBIN V. ODO**                                                              **1:15CV1**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING MOTION TO DISMISS OR FOR SUMMARY JUDGMENT [DKT. NO. 15], AND DENYING AND DISMISSING PETITION WITH PREJUDICE [DKT. NO. 1]**

however, Cobbin was held for the parole violation until his parole expired on November 29, 2010 (Dkt. No. 16 at 2).  After having admitted that he had violated his parole, Cobbin was obligated to serve the sentence stemming from his parole violation even after his state charges were dismissed (Dkt. No. 28-3 at 2).  See Smith v. Michigan Parole Bd., 78 Mich. App. 753, 759-60 (Mich. Ct. App. 1977)(stating that even though state charges were dismissed, the Parole Board may still bring a parole violation against the defendant).

A defendant can receive credit for time served while officially detained awaiting trial, so long as the time served has not been credited to another offense.  18 U.S.C.A. § 3585; United States v. Wilson, 503 U.S. 329, 333, 112 S. Ct. 1351, 1353 (1992). Here, although Cobbin was temporarily taken into federal custody, the time he served between February 25 and August 13, 2010, was credited to his parole violation sentence (Dkt. No. 16 at 2). People v. Gwinn, Nos. 283362 and 283363, 2009 WL 1710700, at *2 (Mich. App. June 18, 2009) (when a defendant is held in custody on a parole violation, the time served may not be applied to a new offense).

For the reasons discussed, the Court **ADOPTS** the R&R (Dkt. No.

**COBBIN V. ODO**						1:15CV1

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 26], GRANTING MOTION TO DISMISS OR FOR SUMMARY JUDGMENT [DKT. NO. 15], AND DENYING AND DISMISSING PETITION WITH PREJUDICE [DKT. NO. 1]**

26), **GRANTS** Odo's motion for summary judgment (Dkt. No. 15), and **DENIES** and **DISMISSES WITH PREJUDICE** Cobbin's petition (Dkt. No. 1).

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, certified mail, return receipt requested, and to enter a separate judgment order.

DATED: August 12, 2015.

        /s/ Irene M. Keeley
        IRENE M. KEELEY
        UNITED STATES DISTRICT JUDGE